

# Fourth Court of Appeals

## San Antonio, Texas

### CONCURRING OPINION

No. 04-12-00372-CR

Scott Edward **WILSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-12096
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:　Karen Angelini, Justice
Concurring Opinion by: Rebeca C. Martinez, Justice

Sitting:　　Karen Angelini, Justice
　　　　　　Marialyn Barnard, Justice
　　　　　　Rebeca C. Martinez, Justice

Delivered and Filed:　November 20, 2013

This case raises issues surrounding the prosecution of possession of child pornography based on images found in temporary Internet files. Multiple courts have taken varying approaches to determine whether images in a computer's temporary cache are sufficient to show knowing or intentional possession. Those that have chosen to view the "possession" in a cache as sufficient evidence of possession involved a defendant's admitted history and practice of viewing child pornography, along with evidence of the defendant's exercise of control over the images, i.e., copying to a hard drive, zooming in on the images, and purposeful deletion from the computer cache file. Such telling facts of possession are not found in Wilson's case. Wilson does, however,

admit to having viewed images of child pornography while viewing adult pornography.  Because we are to view the evidence in the light most favorable to the verdict, the jury was free to reject Wilson's claims and to determine that he intended to possess the child pornography images that were found in the computer's temporary cache.  Had Wilson not made such admissions, I believe the record would not support the jury's finding without additional evidence of Wilson's intent to, at a minimum, view and manipulate the illicit images for which he was charged.

For example, there was no evidence of usage patterns under Wilson's user name to indicate a history of visiting *child* pornography websites, or behavior that indicates an intent to view or otherwise manipulate *child* pornography.  Wilson relies on *Moreland*[1] for the Fifth Circuit's position that where possession is evident only from temporary images found under the appellant's computer profile, with nothing more indicated by the *appellant's* behavior, the evidence is insufficient to show intent to possess child pornography.

Here, without Wilson's admissions contained in the videotape, there are no facts to evidence an intent to possess the illicit images of children found in the computer's temporary internet cache, and in particular, no evidence from which the jury could determine that Wilson had a history of and present sexual attraction to children.  Both the small number of images (ten) and the brief time frame (five hours in one day) within which the illicit images were automatically stored in the temporary cache are by themselves insufficient to prove intentional possession of child pornography without any further definitive "action" on Wilson's part.  That he did not destroy or attempt to destroy or conceal said images is significant when deciding whether Wilson intended to possess and control any unlawful image.  Further, there is no evidence that Wilson purposefully visited or subscribed to Internet sites for the express purpose of viewing child pornography, or

---

[1] *United States v. Moreland*, 665 F.3d 137 (5th Cir. 2011).

otherwise behaved in such a way to indicate voluntary conduct leading to the images being stored in the cache in his computer.

I believe that without Wilson's admissions, the inferences necessary to establish his guilt are *not* reasonable based on the *lack* of cumulative force of all the evidence considered in the light most favorable to the verdict. Accordingly, I respectfully decline to join the majority opinion, but I concur in the court's judgment.

Rebeca C. Martinez, Justice

Publish